**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Tyrone David SCOTT, Defendant–**
**Appellant.**

**No. 05–13132**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 23, 2005.

---

Robert David Malove, Robert David Malove, P.A., Fort Lauderdale, FL, for Defendant–Appellant.

Anne R. Schultz, U.S. Attorney's Office, Miami, FL, for Plaintiff–Appellee.

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Tyrone David Scott appeals his 235–month sentence for possession with intent to distribute 5 grams or more of cocaine base, 21 U.S.C. § 841(1)(a)(1). On appeal, Scott argues that this court's opinion in *United States v. Johnson*, 399 F.3d 1297 (11th Cir.2005), holding that the possession of a firearm by a felon is not a crime of violence, effectively overruled *United States v. Gilbert*, 138 F.3d 1371 (11th Cir.1998). *Johnson* is not directly on point, and therefore, because *Gilbert* remains good law, we affirm Scott's sentence.

We review "a district court's interpretation of the Sentencing Guidelines *de novo.*" *Gilbert*, 138 F.3d at 1372.[1] A district court generally may enhance a defendant's sentence as a career offender "if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The term "crime of violence" has two possible definitions according to the career-offender guideline. The first defines "crime of violence" as any offense punishable for a term exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). The second defines "crime of violence" as any offense punishable for a term exceeding one year that "is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2). The Guidelines specifically exclude unlawful possession of a firearm by a felon from the definition of "crime of violence." U.S.S.G. § 4B1.2, comment. (n.1).

We have previously ruled that carrying a concealed firearm is a crime of violence for purposes of the career-offender guideline. *United States v. Adams*, 316 F.3d 1196, 1197 (11th Cir.), *cert. denied*, 538 U.S. 1007, 123 S.Ct. 1920, 155 L.Ed.2d 840 (2003); *Gilbert*, 138 F.3d at 1371. We have made it clear that the law of the Circuit is "emphatic" that a prior panel

---

1. *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), did not alter our review of the application of the Guidelines or the applicable standards of review. *See United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir.2005).

decision may only be overruled by the Supreme Court or by this Court when it sits *en banc*. *Adams*, 316 F.3d at 1197 n. 1 (quoting *Cargill v. Turpin*, 120 F.3d 1366, 1386 (11th Cir.1997)).

The record demonstrates that Scott had a prior conviction for carrying a concealed firearm, and the district court considered this conviction to qualify Scott a career-offender under U.S.S.G. § 4B1.1. This is the exact issue we decided in *Gilbert*, and *Gilbert* is binding precedent that determines this issue. *See Adams*, 316 F.3d at 1197 n. 1. To the extent that Scott argues that *Johnson* effectively overruled *Gilbert*, his argument fails. Both the crime and statute in *Johnson* are different than the ones before us. *See Johnson*, 399 F.3d at 1298–1301 (addressing the crime "possession of a firearm by a felon," as a crime of violence under 18 U.S.C. 3156(a)(4)). Accordingly, for the foregoing reasons, we affirm Scott's sentence.

**AFFIRMED.**